## WEEKS v. DENNETT.

Under Gen. Laws, c. 48, s. 2, providing that "the city councils shall have
power to provide for the appointment or election of all necessary officers
for the good government of the city not otherwise provided for," a city
council cannot deprive a board of assessors of the power of determining
when they will choose one of themselves clerk of the board.

PETITION, for a mandamus, commanding the defendant to
deliver to the plaintiff the records of the assessors of Concord.
Facts agreed. The parties are members of the board of assessors.
The fifth chapter of the revised ordinances of the city requires
the board to "choose one of its members clerk," annually, on the
third Tuesday of March. If this ordinance imposes upon the
board a legal duty of annual election, a mandamus is to be issued.

*Ray & Walker* and *J. Y. Mugridge*, for the plaintiff.

*Sanborn & Clark*, for the defendant.

DOE, C. J.    Authority expressly or impliedly conferred upon the assessors by the legislature cannot be altered by the council. The assessors have an incidental power to choose one of themselves clerk of the board as often as they see fit; and in a matter thus left to their discretion by the state, they cannot be controlled by the city.    The charter of Concord authorizes the council to make "ordinances, rules, regulations, and by-laws" for certain purposes, and to "make any other by-laws and regulations which may seem for the well-being of said city, provided they be not repugnant to the constitution or laws of New Hampshire."    Laws 1849, *c.* 835, *s.* 17.    And the council have "power to provide for the appointment or election of all necessary officers for the good government of the city not otherwise provided for, and to prescribe their duties and fix their compensation."    Gen. Laws, *c.* 48, *s.* 2.    But these statutes do not authorize the city government to deprive the assessors of the power of determining when they will choose a clerk.

*Petition dismissed.*

All concurred.